IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY ADAMS, | Case No. 1:20-cv-237 |
| Petitioner | |
| v. | RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE |
| B. TRATE, | |
| Respondent | MEMORANDUM OPINION AND ORDER |

I.   Introduction

Jeffery Adams is a federal prisoner who is serving a term of imprisonment imposed by the U.S. District Court for the Eastern District of Michigan in *United States v. Adams*, Criminal Case No. 2:15-cr-20652 (E.D. Mich.). He is in the custody of the Bureau of Prisons (BOP) and is housed at the Federal Correctional Institution at McKean (FCI-McKean), which is located within the territorial boundaries of this Court.

On August 14, 2020, Adams filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Adams seeks an order directing the Bureau of Prisons (BOP) to release him to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), which authorizes the Attorney General and the Director of the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" due to the ongoing COVID-19 pandemic. Adams contends that home confinement is warranted because he is a life-long asthma sufferer who is likely to experience serious consequences if he contracts COVID-19. ECF No. 1.

1

Respondents filed a response to the Petition on November 24, 2020. This matter is ripe for disposition.[1]

II.     Factual and Procedural Background

Section 12003 of the CARES Act gives the Director of the BOP discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). *See* CARES Act § 12003(b)(2). Congress codified this section of the CARES Act, in large part, "to provide BOP a tool by which to alleviate COVID-19 concerns in federal prisons." *United States v. Mathews*, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020) (citing CARES Act § 12003(a)(2)). To determine whether an inmate should be granted home confinement, the BOP looks to the totality of each inmate's circumstances, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including the age and vulnerability of the inmate, the security level of the facility holding the inmate, the inmate's conduct in prison, the inmate's Prisoner Assessment Tool Targeting Estimated Risk and NEED (PATTERN) score, the inmate's home reentry plan, and the crime of conviction and corresponding danger to the community.[2]

On May 14, 2020, Adams filed an administrative remedy request seeking release to home confinement based on his "chronic asthma" and the fact that he has to use an "inhaler two times a day." ECF No. 1-1. His unit counselor denied the request, noting that he had a "Medium recidivism risk level" and that "[his] concern about being potentially exposed to, or possibly contracting, COVID-19 [did] not currently warrant home confinement consideration" in light of

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

[2] *See* Mar. 26, 2020 Memo. For Director of Bureau of Prisons (available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf) (last visited Dec. 11, 2020).

2

the "extraordinary measures" taken by the BOP to "contain the spread of COVID-19 and treat any affected inmates." *Id.* Adams was advised that he could appeal the counselor's decision to the Warden by filing a BP-9 form if he was dissatisfied with the counselor's response. *Id.*

On May 26, 2020, Adams filed a BP-9 administrative remedy request with the Warden of his institution, again arguing that his asthma made him particularly vulnerable to COVID-19. *See* ECF No. 1-1; ECF No. 9-3. The Warden denied his request for home confinement on May 29, 2020. ECF No. 9-3. Adams attempted to appeal the Warden's decision to the Regional Office, but his appeal was rejected because he failed to provide a copy of his lower level filing and because his remedy form was not legible. *Id.* Adams did not pursue his administrative remedies further, either by resubmitting his appeal to the Regional Office or by submitting a subsequent appeal to the BOP's Office of General Counsel. *Id. See also* ECF No. 1. Instead, Adams filed the instant § 2241 Petition.

III.   Analysis

In his Petition, Adams again argues that he should be released to home confinement due to his asthma and the ongoing COVID-19 pandemic. Adams maintains that the BOP improperly determined that he was a recidivism risk "solely [based] on his age" and ignored the fact that he intended to seek home confinement in a different neighborhood than the one where his crimes took place. ECF No. 1.

Adams' argument fails for two reasons. Initially, there is no dispute that he has failed to exhaust his administrative remedies. Courts in this Circuit have long recognized that a § 2241 Petitioner challenging the fact, duration, or execution of his sentence – including a request for release to home confinement – must first demonstrate that he has fully exhausted his available administrative remedies. *Gottstein v. Finley*, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020)

3

(inmate seeking release to home confinement due to COVID-19 pandemic must exhaust administrative remedies). To do so, the inmate must satisfy the multi-layered administrative process set forth at 28 C.F.R. §§ 542.10-18. That process requires the inmate to: 1) file a complaint with the warden of his institution within twenty days of the action forming the basis of the complaint; 2) appeal any denial of that initial complaint to the BOP's Regional Director; and 3) appeal any denial by the Regional Director to the BOP's Office of General Counsel. *Id.* at §§ 542.14-15. *See also Gottstein*, 2020 WL 3078028, at *3. Failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

Here, Adams concedes that he failed to complete the administrative process by filing a final appeal to the Office of General Counsel. *See* ECF No. 1. Although he argues that the exigency of the COVID-19 crises provides a basis for waiver of the exhaustion requirement, the Court of Appeals for the Third Circuit recently reiterated that "strict compliance with . . . exhaustion requirement[s] takes on added – and critical – importance" during the current pandemic "[g]iven the BOP's shared desire for a safe and healthy prison environment." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Based on this principle, courts have routinely dismissed unexhausted requests for home confinement due to the COVID-19 pandemic. *See, e.g., Gottstein*, 2020 WL 3078028, at *3 (dismissing § 2241 petition where inmate failed to satisfy the exhaustion requirement with respect to his COVID-19-based request for home confinement); *Cordaro v. Finley*, 2020 WL 2084960, at *4 (M.D. Pa. Apr. 30, 2020) (dismissing § 2241 petition challenging denial of release to home confinement under the CARES Act for lack of exhaustion). The Court reaches the same conclusion here.

Even if Adams had exhausted his request at the administrative level, his claim would still fail because "the CARES Act provides the discretion for determining early home confinement release solely to the BOP." *Mathews*, 2020 WL 6781946, at *2. *See also United States v. Ramirez-Ortega*, 2020 WL 4805356, at *3 (E.D. Pa. Aug. 14, 2020) ("Importantly, the BOP has sole authority to determine which inmates to move to home confinement" under the CARES Act). As such, this Court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. 18 U.S.C. § 3621(b)(5) (BOP's designation as to home confinement "is not reviewable by any court"). *See also United States v. Robinson*, 2020 WL 5793002, at *5 n. 2 (M.D. Pa. Sept. 28, 2020) ("[T]he Court does not have authority to grant [a] request" for release to home confinement due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"); *Ramirez-Ortega*, 2020 WL 4805356, at *3 (noting that the BOP's home confinement determination "is not reviewable by courts"); *United States v. Pettiway*, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act."). Because this Court cannot provide the relief requested by Adams under the CARES Act, his § 2241 Petition must be denied.

IV.   Conclusion

For the foregoing reasons, Adams' § 2241 petition is denied. In addition to Adams having failed to exhaust his administrative remedies, this Court lacks jurisdiction to order the BOP to change his home confinement designation under the CARES Act. The Clerk is directed to mark this case closed.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: December 14, 2020